**SO ORDERED.**

**SIGNED this 21 day of February, 2013.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| ROBERT MICHAEL BELARDINELLI AND<br>SHERRY LYNN BELARDINELLI, | CASE NO. 12–02891–8–JRL<br>CHAPTER 7 |
| DEBTORS. | |

_____

### ORDER

This matter came before the court on the motion of Branch Banking and Trust Company ("BB&T") to deem a quitclaim deed from Robert Michael Belardinelli ("male debtor") and Sherry Lynn Belardinelli ("female debtor") (collectively "debtors") to BB&T void and strike it from the Wake County Registry, to which the debtors have objected. Also before the court is the debtors' motion for approval of the surrender of real property and to determine amounts owed and the chapter 7 trustee's motion to abandon property of the estate. A hearing was held on February 19, 2013, in Raleigh, North Carolina.

### BACKGROUND

On May 23, 2008, the male debtor executed a promissory note in favor of BB&T in the original principal amount of $650,000.00 ("promissory note"). The promissory note was secured

by a deed of trust, executed by the debtors in favor of BB&T, securing real property located at 1709 Colombard Court, Wake Forest, North Carolina ("real property") and recorded in Book 13110, Page 112 of the Wake County Registry. Contemporaneously, the debtors executed an equity line of credit in the original principal amount of $100,000.00 in favor of BB&T, which was secured by a subordinate deed of trust recorded in Book 13110, Page 135 of the Wake County Registry.

On April 16, 2012, the debtors filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code and Joseph N. Callaway ("trustee") was appointed to administer the case, as the chapter 7 trustee. The debtors' Schedule A valued the real property, held in tenancy by the entirety, at approximately $599,000.00 and subject to the secured claims of BB&T in the amount of $753,228.99. The debtors' statement of intention, filed along with their petition, indicates that the real property will be surrendered to BB&T, whereas real property located at 2006 McCarthy Street, Raleigh, North Carolina will be retained.

On August 3, 2012 and after the debtors defaulted under the terms of the promissory note and deed of trust, BB&T sought relief from the automatic stay to pursue any remedies available under North Carolina law. On August 24, 2012, an order was entered allowing BB&T's motion for relief from the automatic stay. Approximately, three days after relief from the automatic stay was granted, BB&T commenced foreclosure proceedings.

During the pendency of their bankruptcy case on October 23, 2012 and unbeknownst to BB&T, the debtors executed, with the assistance of their counsel, a North Carolina quitclaim deed conveying their interest in the real property to BB&T ("quitclaim deed"). The quitclaim deed was recorded on October 26, 2012 in Book 14989, Page 71 of the Wake County Registry. On November 2, 2012, debtor's counsel informed counsel for BB&T, by email, that the debtors executed the

quitclaim deed to avoid additional postpetition ad valorem taxes and homeowners association dues on the real property. Attached to the email from debtor's counsel was the previously executed and recorded quitclaim deed. In response, counsel for BB&T indicated that the quitclaim deed was ineffective, unless accepted by BB&T.

On November 14, 2012, BB&T executed a statement of renunciation and dissent to the debtors' quitclaim deed, which was recorded in Book 15027, Page 1102 of the Wake County Registry on November 21, 2012 ("renunciation").[1] The renunciation, prepared by one of its assistant vice presidents, stated that "BB&T has not and does not, either expressly or impliedly, accept the tender and/or delivery of this Quitclaim Deed and related property from the Grantors [debtors]." The renunciation also emphasized that the quitclaim deed was executed and recorded by the debtors without BB&T's knowledge (express or implied) and consent.

On November 29, 2012, BB&T filed the motion currently before the court, seeking an order declaring the quitclaim deed void and striking it from the Wake County Registry. Specifically, BB&T contends that at time the debtor executed and recorded the quitclaim deed, the real property had not been abandoned by the trustee and constitutes an unauthorized postpetition transfer in violation of § 549. BB&T also asserts that the quitclaim deed was not valid because it was not delivered nor accepted by BB&T; in fact, the quitclaim deed was expressly renounced through affirmative statements filed with the Wake County Registry and this court. The debtors contend, in response, that they surrendered any interest they had in the real property prepetition on April 13, 2012 and the quitclaim deed was a vehicle utilized to circumvent further assessment of ad valorem taxes and homeowners association dues against the debtors. Additionally, the debtors assert that the

---

[1] BB&T also filed a copy of the renunciation with this court on November 16, 2012.

quitclaim deed was effective to convey whatever interest they held in the real property to BB&T and recordation of the same raises the presumption that it was duly executed and delivered to BB&T.

The motion to abandon, filed by the trustee on December 18, 2012, seeks an order approving the abandonment of the real property. In the motion, the trustee asserts that he has filed a final report in the case and has elected not to administer the real property because it is unduly burdensome and of inconsequential value to the bankruptcy estate. The debtors' response, filed on December 21, 2012, alternatively requests that the real property be abandoned to BB&T. Due to the trustee's failure to take timely and affirmative action to abandon the real property, the debtors assert that they should not be held liable for any ad valorem taxes or homeowners association dues accruing while the property was subject to administration by the trustee and prior to abandonment.

## DISCUSSION

Section 541(a)(1) of the Bankruptcy Code provides that "all legal and equitable interests of the debtor in property as of the commencement of the case[]" constitute property of the bankruptcy estate. 11 U.S.C. §541(a)(1); United States v. Whiting Pools, Inc., 462 U.S. 198, 204–05 (1983) (emphasizing that "property of the estate" is broadly defined by § 541(a)(1)). Pursuant to § 541(a)(1), all property in the bankruptcy estate is subject to the sole direction and control of the trustee, unless it is exempted or abandoned by the trustee. 11 U.S.C. § 541(a)(1). The trustee may, after notice and a hearing, "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Property, which has not been scheduled or otherwise abandoned by the trustee, remains property of the estate. Id. § 554(d). Unadministered property is abandoned to the debtor when a bankruptcy case is closed. Id. § 554 (c). Lifting of the automatic stay does not remove property from the bankruptcy estate.

Section 549 provides that the trustee may avoid any transfer of property of the estate, if the transfer occurred after the case has commenced and was not authorized by the Bankruptcy Code or by the court. 11 U.S.C. § 549(a); Bohm v. Howard (In re Howard), 422 B.R. 568, 581 (Bankr. W.D. Pa. 2009) (holding that the transfer of property of the estate by execution, delivery and recording of a quitclaim deed was "void because it occurred after the commencement of the case and was not authorized under title 11 of the United States Code or by an order of this Court.").[2]

Irrespective of the validity of the quitclaim deed,[3] the debtors had no authority to transfer the real property to BB&T. As of the petition date, any legal or equitable interest the debtors had in the real property became property of the estate and subject to administration by the trustee. See 11 U.S.C. § 541(a). At that point, the debtors lost the right to execute a quitclaim deed transferring their interest in the real property, an asset of the bankruptcy estate, to BB&T. Contrary to the debtors' argument, the statement of intention to surrender their interest in the real property was not sufficient to forfeit the bankruptcy estate's interest in the real property. See Hopkins v. Idaho St. Univ. Credit Union (In re Herter), 464 B.R. 22, 29 (Bankr. D. Idaho 2011), aff'd No. 4:12–CV–180–BLW, 2013 WL 588145 (D. Idaho Feb. 13, 2013). Only the trustee or the bankruptcy court could control the further disposition of the real property. At the time of execution, the real property had not been abandoned by the trustee and neither debtors nor their counsel sought

---

[2] Federal Rule of Bankruptcy Procedure 6001 provides that "[a]ny entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof." Fed. Rule Bankr. P. 6001. As the party asserting that the quitclaim deed to BB&T is valid, the burden of proof falls on the debtors. The court need not examine the transaction at any length to reach the conclusion that it is an unauthorized postpetition transfer under § 549(a).

[3] Because the court finds that the quitclaim deed was a prohibited postpetition transfer, it need not address the validity of the quitclaim deed under North Carolina law.

or obtained the bankruptcy court's approval to execute the quitclaim deed in favor of BB&T.  If the debtors' argument is correct, there would be no purpose served by § 549(a).  The debtors clearly did not have the authority to transfer the bankruptcy estate's interest in the real property because it was, as the debtors acknowledge, property of the estate at the time of execution and recordation of the quitclaim deed.  Therefore, the quitclaim deed conveying the debtors' interest in the real property is void and title did not pass to BB&T.  Thus, BB&T must continue its foreclosure proceedings to exercise its rights in the real property.[4]

## CONCLUSION

Based on the foregoing and in accordance with the court's ruling at the conclusion of the hearing, BB&T's motion to deem a quitclaim deed, executed and recorded by the debtors, in favor of BB&T void and strike it from the Wake County Registry is **ALLOWED** and, therefore, the debtors' motion for approval of the surrender of real property and to determine amounts owed is **DENIED.**  The quitclaim deed is void because it occurred after the commencement of the case and was not authorized under Bankruptcy Code or by the court.  The trustee's motion to abandon, however, is **ALLOWED**, effective upon entry of this order.

## END OF DOCUMENT

---

[4] Although this court retains discretion to insure that creditors act reasonably to exercise their rights under state law, the evidence here suggests that BB&T has proceeded expeditiously.  In fact, had the foreclosure proceeding not been interrupted by the quitclaim deed, foreclosure would likely have been concluded, relieving by now the debtors of postpetition obligations associated with ownership of the property.